## FOGG *v.* PERKINS.

A widow, entitled to arrears of pension, dying and leaving children, cannot dispose of such arrears by will, nor can her executor, having received the same, retain it for purposes of administration, but each child is entitled to an equal share, and may recover it of the executor in an action for money had and received.

ASSUMPSIT, for money had and received. The writ is dated September 6th, 1847.

This case was submitted to the court upon the following agreed statement of facts.

Lydia Fogg of Kensington, widow of the late Jeremiah Fogg, died in February, 1847. Said Jeremiah Fogg was a major in the army of the Revolution, and died many years since.

Under the act of Congress granting pensions to the widows of officers of the Revolutionary army, said Lydia received from the United States a pension of $40 per month for several years prior to her death.

At the time of the decease of said Lydia, there was in the hands of the pension agent, at Portsmouth, a certain amount of pension money, then due to said Lydia, and undrawn by her.

Said Lydia died testate, and in and by her will bequeathed all arrearages of pension money which might be due to her, at the time of her decease, to the town of Kensington, for the benefit of poor widows in Kensington.

Said will was duly proved.

The defendant was appointed sole executor of said will, and gave bonds as required by law.

Said defendant, as executor of said will, received April 10, 1847, from the said pension agent, the amount of pension money due to said Lydia at the time of her decease.

The plaintiff is one of the three living children of said Lydia Fogg.

Previous to the date of said writ, the attorney of the plaintiff demanded of the defendant one-third part, or his share of said pension money, which he, the defendant, had received as aforesaid.

It was agreed that if upon this statement of facts, the court should be of the opinion that this action might be maintained, judgment should be rendered for the plaintiff for one-third part of the said pension money, received by the defendant of the aforesaid pension agent, with interest from the 10th of April, 1847 ; otherwise that judgment should be rendered for the defendant.

*Tuck*, for the plaintiff.

*Marston*, for the defendant.

In *Frost* v. *Knowles*, 4 Met. 386, it was held that where a widow who drew a pension under acts of Congress of July 4, 1836, and March 3, 1837, died, having disposed of her pension by will, the pension due was payable to her executor, and not to her children.

In this case, the testatrix, in her will, disposes of this fund specifically.

If it should be held that the act of Congress of June 19, 1840, takes away the right of the widow to dispose of the undrawn money by will, the same act provides that the money be paid to the executor or administrator, who is only accountable for it as such.

The act directs the mode of distribution of the fund, but does not make the executor, into whose hands it must be paid, liable otherwise than in respect to other property which he holds as executor.

The plaintiff could not maintain this action against a stranger, who might have got the money into his hands; the executor only could have sued for it.

The defendant is not liable in this form of action, if at all.

Woods, J. The act of Congress of June 19, 1840, provides " that in case any male pensioner shall die, leaving children but no widow, the amount of pension due to said pensioner, at the time of his death, shall be paid to the executor or administrator on the estate of such pensioner, for the sole and exclusive benefit of the children, to be by him distributed among them in equal shares, and the same shall not be considered as a part of the assets of said estate, nor liable to be applied to the payment of the debts of said estate in any case whatever;" and " that in case any pensioner who is a widow shall die, leaving children, the amount of pension due at the time of her death, shall be paid to the executor or administrator, for the benefit of her children, as directed in the foregoing section."

And it is further enacted that in either of those cases, " the amount of the pension may be paid to any or each of the children, as they may prefer, without the intervention of the executor or administrator."

There can be no doubt, upon the reading of this statute,

Fogg *v.* Perkins.

that upon the decease of the testator, the amount of pension due to her became the property of her children. The statute does not touch the case of a pensioner who may die childless, but leaves whatever may be due to such to follow the general and ordinary course of law. But in a case like the present, the gift is strictly limited to the children, of whom the plaintiff is one, and never vested for a moment in the executor. The statute simply designates the person who may receive the money, and pay it over to the children, provided they do not elect each to receive it for himself, or to appoint one of their number to do so. He is distinctly precluded from mingling it with the property of the *deceased,* and is limited to the mere agency of receiving it and paying it over to the parties whom the law entitles to it. In this particular, the statute pursues the general policy of the pension laws, in guarding, as far as possible against undue influences, the first objects of the public bounty, and in confining its benefits to those objects while they exist, and afterwards to those whom nature points out as their most fit successors. In this instance, it jealously removes it from the reach of the testamentary power, lest dotage and infirmity should by some means be imposed upon.

There seems no objection to the form of action. Money has rightfully come to the hands of the defendant, for the use of the plaintiff and two others, in equal parts. It is subject to no contingencies, no prior charges or conflicting claims. The plaintiff demanded his share; it was not paid; and a right of action, therefore, accrued. There must, therefore, according to the agreement, be

*Judgment for the plaintiff.*